```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                        :
ROBERT STEVEN MANNING,                                  :
                                                        :
                        Plaintiff,                      :
                                                        :      22 Civ. 1367 (JPC)
        -v-                                             :
                                                        :           ORDER
UNITED STATES DEPARTMENT OF JUSTICE and                 :
UNITED STATES PAROLE COMMISSION,                        :
                                                        :
                        Defendants.                     :
                                                        :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Robert Steven Manning seeks his immediate parole and release from prison from Defendants the United States Department of Justice and the United States Parole Commission. Defendants move to dismiss. Because such a remedy may only be sought in a habeas proceeding and Manning does not seek habeas relief—and had he, this Court would lack jurisdiction because the Southern District of New York is not his District of confinement—the Court grants the motion.

In 1993, Manning was convicted in the Central District of California for the July 17, 1980 murder of Patricia Wilkerson after he mailed a bomb to her company. Dkt. 1 ("Compl.") ¶ 10; *United States v. Manning*, 56 F.3d 1188, 1193 (9th Cir. 1995). Manning is currently incarcerated at the Federal Correctional Institution Phoenix in Phoenix, Arizona, where he is serving a life sentence. Compl. ¶ 10; Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (search for Robert Steven Manning, Reg. No. 98500-012).[1] On November 3, 2020, the United States Parole Commission conducted a hearing regarding

---

[1] The Court may take judicial notice of Plaintiff's "inmate lookup information." *Williams v. Novoa*, No. 19 Civ. 11545 (PMH), 2021 WL 431445, at *1 n.5 (S.D.N.Y. Feb. 5, 2021) (compiling cases).

Manning's eligibility for parole and parole was denied. Compl. ¶ 2, 13. Manning alleges that the presiding officer at the hearing erred in denying parole because the officer considered improper testimony, *id.* ¶¶ 13-20, and rejected information favorable to Manning, *id.* ¶¶ 22-26. Manning administratively appealed the denial of parole on March 12, 2021, and the denial was affirmed on June 4, 2021. *Id.* ¶ 28.

Manning brings three claims against Defendants: one for declaratory relief pursuant to 28 U.S.C. § 2201, *id.* ¶¶ 29-31, one for injunctive relief, *id.* ¶¶ 32-37, and one for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, Compl. ¶¶ 38-40. Each claim seeks Manning's immediate parole and release from prison. *Id.* ¶¶ 31, 33, 40. Defendants moved to dismiss on June 14, 2022, raising numerous grounds for dismissal. Dkts. 16-17. As relevant to this Order, Defendants argue that subject matter jurisdiction is lacking because actions seeking release from prison on parole may be brought only via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 17 at 5. Manning opposed the motion on November 2, 2022. Dkt. 27 ("Opposition"). Defendants filed their reply on December 2, 2022. Dkt. 31.

"Whenever an individual attacks the 'very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" *Dyous v. Psychiatric Sec. Rev. Bd.*, 708 F. App'x 39, 40 (2d Cir. 2018) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see Preiser*, 411 U.S. at 476-77, 487, 500 (applying rule to dismiss an action under section 1983 seeking injunctive relief challenging the denial of good conduct time, which if successful would have resulted in release from prison, holding that the allegation "fell squarely within th[e] traditional scope of habeas corpus"); *Dyous*, 708 F. App'x at 40-41 (applying rule to dismiss an action seeking declaratory judgment that would have led to release from psychiatric confinement); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (explaining

that "a challenge to the execution of [the incarcerated appellant's] sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241" (citation omitted)); *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 947-48 (2d Cir. 1976) (applying rule to dismiss action seeking release, in part, via writ of mandamus); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (discussing Supreme Court precedents establishing "the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody").

Because Manning seeks his "immediate parole and release from prison," *e.g.*, Compl. ¶ 31, the only proper vehicle for his claims is a petition for a writ of habeas corpus. Manning's arguments to the contrary, which assert the general ability of the federal courts to hear cases for declaratory judgments, injunctive relief, and writs of mandamus, Opposition at 12-14, fail to address this specific context or confront the extensive caselaw establishing habeas as his only avenue for relief. The legal bases upon which Manning relies—injunctive, declaratory, and mandamus relief—do not afford him a statutory or constitutional basis for release from incarceration; only a habeas petition under § 2241 would provide such a basis. The Court therefore dismisses the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and, alternatively, for failure to state a claim pursuant to Rule 12(b)(6). *See Murphy v. Travis*, 36 F. App'x 679, 681 (2d Cir. 2002) (affirming dismissal on similar grounds under 28 U.S.C. § 1915(e)(2), which directs the district court to dismiss an "action or appeal" which "is frivolous or malicious" or "fails to state a claim on which relief may be granted"); *see also Dyous*, 708 F. App'x at 39 n.1, 41 (affirming dismissal without prejudice on similar grounds while noting that "the district court did not specify whether its dismissal was pursuant to Federal

Rule of [C]ivil Procedure Rule 12(b)(1) or (6)"); *Inesti v. Hagan*, No. 11 Civ. 2596 (PAC) (AJP), 2012 WL 3822224, at *8, *11 (S.D.N.Y. Sept. 4, 2012) (adopting a report and recommendation to dismiss claims for injunctive relief, which should have been brought as a habeas petition, under Rule 12(b)(6)). Moreover, as the Second Circuit explained in *Billiteri*, "complete discharge [and] release on parole[] are properly sought through habeas corpus under 28 U.S.C. [§] 2241, but not through a petition for a writ of mandamus under 28 U.S.C. [§] 1361." 541 F.2d at 947.

Nor would habeas relief be available to Manning in this District. Manning is incarcerated at a federal prison in Phoenix, Arizona. Thus, the District of Arizona is the sole District that would have jurisdiction over a habeas petition brought by Manning pursuant to section 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

The Court also denies Manning's motion to amend the Complaint, Dkts. 28-30, as futile. *See Contreras v. Perimenis*, 562 F. App'x 50, 51 (2d Cir. 2014) ("A district court may deny leave to amend . . . when such an amendment would be futile."). Manning seeks to amend his Complaint to add the warden of the Federal Correctional Institution Phoenix as a defendant. Dkt. 29 ¶ 3. Such an amendment would not remedy the defect fatal to Manning's Complaint. However, the Court's dismissal is without prejudice to any petition for a writ of habeas corpus Manning may seek in the proper jurisdiction. *See Padilla*, 542 U.S. at 443, 447.

The Clerk of Court is respectfully direct to close the motions pending at Docket Numbers 16 and 28, enter judgment, and close this case.

SO ORDERED.

Dated: February 17, 2023
      New York, New York

                                             JOHN P. CRONAN
                                             United States District Judge